## LIABILITY FOR INJURY TO AN EMPLOYEE OF ANOTHER.

### Circuit Court of Richland County.

MARTHA M. SNYDER, ADMINISTRATRIX OF THE ESTATE OF HOWARD S. SNYDER, DECEASED, v. THE AMERICAN CIGAR COMPANY.*

Decided, October, 1908.

*Master and Servant—Although in the General Employment of One, a Person May be Servant of Another—Trials—A Verdict for Defendant Should be Directed When Plaintiff's Evidence only Shows Negligence of One Who Would be a Fellow-servant, if the Other Allegations of his Petition are True.*

1. A workman who is in the general employment of one person may become, by adoption, the employee also of another, where that other person has the right of control of the workman in his employment.

2. Where in an action for wrongful death, plaintiff's petition and reply seeks to establish the relationship of master and servant, and makes allegations of negligence on the part of the employer in that he failed to furnish a safe place to work and employed a servant whom he knew or should have known to be incompetent; and plaintiff's evidence simply shows negligence on the part of one who would be a fellow-servant under his theory of the case but no negligence on the part of the employer, it is the duty of the court to direct a verdict for the defendant.

3. Where plaintiff seeks to recover upon the theory that the relationship of master and servant existed, but fails to introduce any evi-

---

*Affirmed without opinion, *Snyder* v. *American Cigar Co.*, 81 Ohio State, 561.

dence which would make defendant liable as an employer, it is of no moment that defendant in his answer has made no reference to the relationship of master and servant.

HENRY, J.; WINCH, J., and MARVIN, J., concur.
(Sitting by designation as judges of the Fifth Circuit.)

The action below, commenced originally to recover damages for personal injuries sustained by Howard S. Snyder, since deceased, seems from the allegations of the petition to have been converted into or supplanted by an action under favor avowedly, of Sections 6134 and 6135, Revised Statutes, for death by wrongful act, in which from it was brought to issue and tried, with the result that at the close of the plaintiff's evidence, and on motion by the defendant, a verdict in the latter's favor was directed by the court.

The petition further alleges that plaintiff's intestate was in the employ of the defendant below, performing work as a carpenter in putting in automatic gates at the entrance to the elevator of the cigar company on the several floors of its building. While thus engaged, it became necessary for him to lean over one of the gates so that his head was in the shaft, and the descending elevator took him unawares and caught his head between the floor and the gate on which he was working injuring him so that he finally died from his injuries.

The negligence complained of is the carelessness of the elevator operator in failing to stand in the proper place for controlling and stopping the elevator, from which place, had he stood there, he could have seen plaintiff's intestate in time to have prevented the injury; and it is charged that the defendant below was negligent in that it employed this operator, knowing him to be incompetent, or having the means by the exercise of or dinary care of knowing such fact.

It is furthermore charged that the defendant was negligent in not providing plaintiff's intestate with a safe place to work and in failing to discontinue the use of the said elevator while the work was in progress.

The answer alleges contributory negligence and avers that plaintiff's intestate was not in the general employ of the Amer-

ican Cigar Company, but that he was performing the work in question as the employee of a carpenter contractor named Bloor, with whom the defendant had contracted for the performance of the work.

The reply admits that plaintiff's intestate ''was employed by said Bloor generally but denies that he was wholly under the control of and in charge or said Bloor while said work was being performed, and at the time he received the injuries complained of; but avers the fact to be that said Bloor was only present a few hours, and that when the work was begun, and then absented himself, leaving the deceased in charge and with the said defendant cigar company, supervising and controlling the conduct of deceased and the mode and manner of doing the work, and that the plaintiff Snyder followed the suggestions, direction and control thus made and exercised by defendant.''

It thus appears to have been the purpose of the pleader in drafting the plaintiff's petition and reply to set up the existence of the relation of master and servant between plaintiff's intestate and the defendant, and to count upon the rights and duties growing out of that relation; and it is indeed possible, under the decisions in this state, for one who is in the general employ of one person to become by a sort of adoption the employee also of another; the right of control being one at least of the tests applied to establish the existence of the relation of master and servant under these special circumstances.  *McCafferty* v. *Dock Co.*, 11 C. C., 457.

It seems moreover to have been defendant's purpose to deny and disclaim the existence of the relation of master and servant as between the plaintiff's intestate and the American Cigar Company, and it is said that the motion to direct a verdict was argued and sustained upon the ground of contributory negligence, disclosed as a matter of law in plaintiff's evidence.  It is evident from the argument and briefs furnished us by defendant here that such is still their theory of the case.

There may indeed be enough revealed in the testimony offered on behalf of the plaintiff below to meet and neutralize the pre-

48     CIRCUIT COURT REPORTS—NEW SERIES.

Snyder v. American Cigar. Co.     [Vol. 22 (N.S.)

sumption that her intestate had exercised ordinary care for his own safety and to put the burden upon her of showing affirmatively that her intestate did in fact exercise such care. He knew, of course, that the ordinary use of the elevator had not been discontinued, and he knew that the only means of avoiding danger to him whenever any part of his body was in the path of the elevator was that he should see it coming or that the elevator operator should observe him there in the way of its approach and either warn him to get out of the way or else stop the elevator. Under the circumstances he had no right to depend wholly upon the operator in this behalf, for the law imposed an affirmative obligation upon him to look out for his own safety. He knew that the elevator was above him, because the cables by which it was suspended would have been in plain view before him had the elevator been underneath, whereas in fact, and because the elevator was above him, those cables were wholly out of his view. Other cables at the side of the shaft, were equipped with certain buttons which changed their position slightly when the elevator was moved. These cables and buttons (though some of the cables were partially boxed up) were within his view, had he looked, and the buttons were situated but a foot or two from his head when he was injured. The elevator moved very silently and plaintiff's intestate failed to either hear or see any signs of its approach until it caught him.

Whether the question of his contributory negligence ought, under these circumstances, to have been submitted to the jury, is the question we are asked to decide, and a great number of similar cases, pro and con, are cited to us. We do not, however, find it necessary to pass upon this question, because we consider the ruling of the court below to have been correct, independently of contributory negligence. At the close of the plaintiff's evidence the court was called upon to pass upon and decide whether the plaintiff, upon the theory of her case presented by her pleadings, had made out a case for the jury.

If the relation of master and servant existed, as manifestly contemplated by the theory disclosed in her pleadings, it was

not enough to show merely that the elevator operator was negligent, for that would be, as in the case of *McCafferty* v. *Dock Co.*, above cited, merely the negligence of a fellow-servant. It was necessary then to prove one of the other allegations of negligence in the petition, namely, that the elevator operator was incompetent, or that the defendant furnished an unsafe place for plaintiff's intestate to work, and that, actually or constructively, the defendant knew the plaintiff's intestate was ignorant of the source or sources of danger aforesaid. It is intimated that the petition is not quite perfect as regards its allegations of notice or want of notice; but we view that as cured if the evidence supplies such defect. We have scanned the bill of exceptions carefully for any testimony in support of these allegations of negligence by the defendant. We have found not a shred of evidence of the elevator operator's alleged incompetency, although there is abundant evidence of his carelessenss on this particular occasion. Neither is there any evidence whatever of any negligence by defendant in failing to furnish a safe place to work in any respect whereof plaintiff's intestate was not fully apprised.

The work was no doubt dangerous, but plaintiff's intestate, knowing all there was to know about his environment, in law, assumed whatever risk attached to his accepting employment amid such surroundings.

It is of no moment that the defendant's theory of the case excludes the existence of the relation of master and servant in the premises. An answer may indeed be looked to when the averments of the petition are deficient and the admissions of the answer supply that deficiency. But where two antagonistic theories of the case are presented by the pleadings of the opposite parties, the plaintiff must recover, if at all, upon the merits of his own theory and the sufficiency of his own allegations and proof, not upon any weakness in his adversary's position. This, of course, follows the rule that the burden of proof is upon the plaintiff.

In this case, holding as we do, that the plaintiff's evidence is insufficient to establish a *prima facie* case of liability in re-

spect of any of the negligence complained of, the court below was justified in directing a verdict for the defendant, and such was its duty, upon motion properly interposed.

The judgment below is affirmed.